UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARRY FREEMAN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 18-cv-2914 |
| | : | |
| OFFICE OF ATTORNEY | : | |
| GENERAL (PENN), *et al.*, | : | |
|     Defendants. | : | |

<u>MEMORANDUM</u>

**Joseph F. Leeson, Jr.**                                                                                         July 17, 2018
**United States District Judge**

       Plaintiff Barry Freeman, a State inmate currently incarcerated at SCI Huntingdon, has filed this civil action pursuant to 42 U.S.C. § 1983 against the Pennsylvania Office of the Attorney General and the Philadelphia District Attorney's Office. He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Freeman leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.     FACTS**

       Freeman asserts that he is filing this lawsuit because his case "was investigated by F.B.I for corruption where wrongdoing was found from 2017 to 2018." (Compl. at 2-3.) He mentions that former District Attorney Seth Williams was indicted, as well as the Assistant District Attorney who prosecuted Freeman and the Philadelphia police officers who arrested him. (*Id.* at 3.) Freeman contends that he has maintained his innocence throughout pleadings in various courts, including post-conviction proceedings. (*Id.*) He mentions that in response to his *habeas corpus* proceeding which is pending in the Pennsylvania Superior Court, the Office of the Attorney General filed a "no answer letter without objections accepting responsibility." (*Id.*) As

1

relief, Freeman requests damages for being "[falsely] arrested[, falsely] incarcerated and [falsely] prosecuted." (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Freeman leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[1] Accordingly, Freeman's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Freeman is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is

---

[1] However, because Freeman is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Pennsylvania Office of the Attorney General, however, is not a "person" within the meaning of § 1983 and, in any event, is entitled to Eleventh Amendment immunity from Freeman's claims. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Wattie-Bey v. Att'y Gen. Office*, 424 F. App'x 95, 97-98 (3d Cir. 2011) (per curiam). Likewise, the Philadelphia District Attorney's Office is not a "person" subject to suit under § 1983. *See Aponte v. Borough of Pottstown*, No. 16-5006, 2017 WL 3675388, at *3 (E.D. Pa. Aug. 25, 2017) (citing *Reitz v. Cty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997)). For these reasons alone, Freeman's Complaint is subject to dismissal.

Moreover, because of the vague nature of Freeman's claims, the Court cannot at this time determine whether all of his claims are cognizable under § 1983. Freeman appears to raise claims for false arrest, false imprisonment, and malicious prosecution. To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. To state a claim for false imprisonment, a plaintiff must establish that he was unlawfully detained, which, in the

3

context of an arrest, generally depends on whether the detention was supported by probable cause. *James v. City of Wilkes-Barre*, 700 F.3d 675, 682-83 (3d Cir. 2012). A plaintiff alleging malicious prosecution must establish that the defendants initiated a criminal proceeding against the plaintiff—without probable cause and with malice—and that the proceeding terminated in the plaintiff's favor. *See McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009). With respect to favorable termination, "upon examination of the entire criminal proceeding, the judgment must indicate the plaintiff's innocence of the alleged misconduct underlying the offenses charged." *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc).

Because Freeman has vaguely pled his claims, he has not established that probable cause for his arrest and prosecution was lacking.[2] Moreover, to the extent Freeman is challenging any convictions and sentences that have been imposed, his claims are not cognizable in this action. "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of

---

[2] The United States Court of Appeals for the Third Circuit has rejected a presumption, with respect to claims for false arrest, that any conviction of a crime conclusively establishes the existence of probable cause. *See Montgomery v. De Simone*, 159 F.3d 120, 125 (3d Cir. 1998).

confinement or its duration." (emphasis omitted)).  Therefore, to the extent Freeman seeks to challenge any convictions or the prosecutions leading to those convictions, he may not do so in this § 1983 action because those convictions have not been invalidated.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Freeman leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Freeman's claims challenging his convictions and sentences, which are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) will be dismissed without prejudice to his right to pursue them in a new lawsuit if and when his convictions are invalidated.  Freeman will not be permitted to file an amended complaint, as amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate Order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**