UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARRY FREEMAN,** : | |
|     **Plaintiff,** : | |
| : | |
| v. : | No. 18-cv-2914 |
| : | |
| **OFFICE OF ATTORNEY** : | |
| **GENERAL (PENN),** *et al.*, : | |
|     **Defendants.** : | |

**O R D E R**

AND NOW, this 17th day of July, 2018, upon consideration of Plaintiff Barry Freeman's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 4), his Prisoner Trust Fund Account Statement (ECF No. 5), and his *pro se* Complaint (ECF No. 1), it is **ORDERED** that:

    1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915(b).

    2.    Freeman, #FQ-9213, shall pay the full filing fee of $350.00 in installments, pursuant to 28 U.S.C. § 1915(b). Based on the financial information provided by Freeman, an initial partial filing fee of $15.93 is assessed. The Superintendent or other appropriate official at SCI Huntingdon or at any other prison at which Freeman may be incarcerated is directed to deduct $15.93 from Freeman's inmate trust fund account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106, to be credited to Civil Action No. 18-2914. After the initial partial filing fee is collected and until the full filing fee is paid, the Superintendent or other appropriate official at SCI Huntingdon or at any other prison at which Freeman may be incarcerated, shall deduct from Freeman's account, each time that Freeman's inmate trust fund account exceeds $10.00, an amount no greater than 20 percent of

the money credited to his account during the preceding month and forward that amount to the Clerk of Court at the address provided above to be credited to Civil Action No. 18-2914.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Huntingdon.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 8 of the Federal Rules of Civil Procedure. Freeman's claims against the Office of the Attorney General and the Philadelphia District Attorney's Office are **DISMISSED with prejudice**. Any claims challenging his convictions and sentences, which are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), are **DISMISSED without prejudice** to Freeman's right to pursue them in a new lawsuit if and when his convictions are invalidated. To the extent that Freeman's claims are not barred by *Heck*, such claims are **DISMISSED without prejudice** to Freeman's right to file an amended complaint, as set forth below.

6. Freeman is given leave to file an amended complaint with respect to any claims that he may wish to pursue against a proper entity or defendant regarding his arrest and conviction, to the extent such claims are not barred by *Heck*. Any amended complaint must name all of the defendants in the caption and must clearly explain how the defendants were involved in violating Freeman's rights. Any amended complaint shall not pursue claims that challenge any convictions that have not been invalidated. Upon the filing of an amended complaint, the Clerk of Court shall not make service until so **ORDERED**.

7. The Clerk of Court is **DIRECTED** to send Freeman a blank form complaint to be used by a prisoner filing a civil rights action pursuant to 42 U.S.C. § 1983. The Clerk of Court shall write the civil action number of this case on the form.

8. If Freeman fails to file an amended complaint, his case may be dismissed for failure to prosecute without further notice.

                                        **BY THE COURT:**

                                        */s/ Joseph F. Leeson, Jr.*
                                        **JOSEPH F. LEESON, JR.**
                                        **United States District Judge**