# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY FREEMAN, : | |
|     Plaintiff, : | |
| : | |
| v. : | No. 18-cv-2914 |
| : | |
| OFFICE OF ATTORNEY : | |
| GENERAL (PENN), *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

Joseph F. Leeson, Jr.                August 13, 2018
**United States District Judge**

On July 11, 2018, Plaintiff Barry Freeman, a State inmate currently incarcerated at SCI Huntingdon, filed this civil action pursuant to 42 U.S.C. § 1983 against the Pennsylvania Office of the Attorney General and the Philadelphia District Attorney's Office. (ECF No. 1.) On July 16, 2018, the Court received Freeman's Motion for Leave to Proceed *In Forma Pauperis* and prisoner account statement. (ECF Nos. 4, 5.) By Memorandum and Order entered on July 19, 2018, the Court granted Freeman leave to proceed *in forma pauperis* and dismissed his Complaint. (ECF Nos. 6, 7, 8.) Specifically, the Court noted that: (1) the Pennsylvania Office of the Attorney General and the Philadelphia District Attorney's Office are not "persons" subject to suit pursuant to 42 U.S.C. § 1983; (2) Freeman's claims of false arrest, false imprisonment, and malicious prosecution were too vaguely pled; and (3) any claims challenging his convictions or the prosecutions leading to those convictions were not cognizable pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 6 at 3-5.) The Court granted Freeman leave to file an amended

1

complaint "with respect to any claims that he may wish to pursue against a proper entity or defendant regarding his arrest and conviction, to the extent such claims are not barred by *Heck*." (ECF No. 8 at 2.)

On July 27, 2018, the Court received a second Motion for Leave to Proceed *In Forma pauperis* and prisoner account statement from Freeman. (ECF Nos. 9, 10.) The Court received Freeman's Amended Complaint on August 6, 2018. (ECF No. 11.) The Amended Complaint names Mr. David Rancher, a reporter, and the Philadelphia Daily News as Defendants. For the following reasons, the Court will deny as moot the second Motion for Leave to Proceed *In Forma Pauperis* and dismiss the Amended Complaint.

## I. FACTS

In his Amended Complaint, Freeman states that he is bringing suit against Rancher and the Philadelphia Daily News for defamation of character "after writing & printing a news article [about him] that was false." (Am. Compl. at 5.)[1] Freeman vaguely mentions that an investigation into his case revealed "wrongdoing." (*Id.*) He argues that the Defendants are liable because the news article "became inflammatory and jeopardize[ed] [his] life and his family." (*Id.*) Freeman asserts that because of the Defendants' actions, he suffered "unwanted infl[i]cted pain" because the Defendants labeled him "as a JBM member of organize[d] crime." (*Id.*) He further claims that they "incriminate[ed his] character with false statements." (*Id.*) As relief, Freeman asks for $50,000.00 in compensatory damages and $10,000.00 in punitive damages. (*Id.* at 6.) He also seeks his "right to interview with Philadelphia Daily News." (*Id.*)

---

[1] The Court uses the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

## II. STANDARD OF REVIEW

Because the Court previously granted Freeman leave to proceed *in forma pauperis*, the Amended Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii). That statute requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Freeman is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Action under color of state law requires that the one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (quotation omitted). Nothing in the Amended Complaint, however, sets forth a basis for concluding that Rancher and the Philadelphia Daily News could be considered state actors subject to liability under § 1983. *See id.*; *see also Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Harper v. Harrell*, No. 17-5603, 2017 WL 6594382, at *3 n.3 (E.D. Pa. Dec. 22, 2017)

(concluding that the Philadelphia Daily News, Fox 29 News, and their employees could not be considered state actors liable for defamation pursuant to § 1983).

Moreover, Freeman's Amended Complaint fails to state an actionable defamation claim under § 1983. An individual does not have a protected interest in reputation alone. *See Thomas v. Indep. Twp.*, 463 F.3d 285, 297 (3d Cir. 2006) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)). Instead, "defamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir. 1989) (citing *Paul*, 424 U.S. at 701-12). Therefore, a plaintiff must plead a "stigma-plus" claim in his complaint. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) (noting that "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation <u>plus</u> deprivation of some additional right or interest"). Nothing in Freeman's Amended Complaint alleges that he was deprived of "some additional right or interest" because of the allegedly false statements made by Rancher and the Philadelphia Daily News.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny as moot the second Motion for Leave to Proceed *In Forma Pauperis* and dismiss the Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Freeman's federal claims, brought pursuant to 42 U.S.C. § 1983, will be dismissed with prejudice. Any state law claims that Freeman may assert will be dismissed without prejudice to him filing them in state court.[2] Freeman will not be

---

[2] The Court takes no position with respect to the merits or the timeliness of any state law claims that Freeman may raise. It does not appear that there is an independent basis for the Court to exercise jurisdiction over any such claims.

permitted to file a second amended complaint, as amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate Order follows.


**BY THE COURT:**


*/s/ Joseph F. Leeson, Jr.*_____
**JOSEPH F. LEESON, JR.**
**United States District Judge**